IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN R. RANN,

    Petitioner,

v.                                     No. 08-cv-792-DRH

DONALD HULICK, Warden,
Menard Correctional Center

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### Introduction

Before the Court is a Report and Recommendation ("R&R") (Doc. 28) of United States Magistrate Judge Williams, issued pursuant to 28 U.S.C. § 636(b)(1)(B), recommending denial of petitioner Steven R. Rann's § 2254 habeas petition (Doc. 2). The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the R&R. In accordance with the notice, petitioner filed timely objections to the R&R (Doc. 29). Because petitioner filed timely objections, this Court must undertake *de novo* review of the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999);

*Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject, or modify the recommended decision." *Willis*, 199 F.3d at 904. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id.* However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). For the reasons discussed herein, the Court adopts the findings of the R&R.

## Background

On November 14, 2006, a Saline County jury convicted petitioner of two counts of criminal sexual assault and one count of child pornography. On February 2, 2008, petitioner received a sentence of consecutive terms of twelve years of imprisonment on each sexual assault conviction and fifteen years for the child pornography conviction. Petitioner filed a direct appeal in state court alleging he received ineffective assistance of counsel as his counsel did not seek to suppress images obtained without a warrant from a zip drive and camera memory card.[1] After exhausting his state remedies, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 10, 2008 (Doc. 2).

Similarly to the R&R, the Court finds the Illinois Appellate Court's Rule 23 Order affirming petitioner's conviction on direct appeal recites the relevant facts giving rise to petitioner's claim as follows:

---

[1] Petitioner also alleged he did not receive a fair trial as the court refused to sever the separate charges of child pornography and sexual assault. However, only the ineffective assistance of counsel claim forms the basis of petitioner's § 2254 petition (*See* Doc. 2).

> In January 2006, the defendant's biological daughter, S.R., who was then 15 years old, reported to the Eldorado police department that she had been sexually assaulted by the defendant and that he had taken pornographic pictures of her. Following her interview by the police, S.R. returned to her home, retrieved an Olympus digital camera memory card from the top of a big-screen television set in her parents' bedroom, and took the memory card to the police. The officer to whom she delivered the memory card, Deputy Sheriff Investigator Mike Jones of the Saline County Sheriff's Department, testified at the defendant's subsequent trial that no law enforcement officers accompanied S.R. on her return to her home, and there is no evidence in the record to suggest that S.R. was directed to attempt to recover evidence for the police or even to return home at all. Images downloaded from the memory card depict the defendant sexually assaulting S.R. and were introduced into evidence at the defendant's trial . . . The images, taken in 2005, were admitted as propensity evidence . . . and do not relate directly to the charges of which the defendant was convicted in this case.
>
> Sometime subsequent to S.R.'s initial interview with the police, S.R.'s mother brought Deputy Jones a computer zip drive that contained additional pornographic images of S.R. and pornographic images of K.G., who is the defendant's stepdaughter and S.R.'s half-sister. The images on the zip drive are from 1999 and 2000, when S.R. was approximately 9 years old and K.G. was approximately 15 years old, and are directly related to the charges of which the defendant was convicted in this case. Four of the images, taken around Christmas of 1999, were admitted into evidence at the defendant's trial... Deputy Jones testified that no law enforcement officers were present when S.R.'s mother procured the zip drive, and there is no evidence in the record to suggest that S.R.'s mother was directed to attempt to recover evidence for the police.

(Doc. 17-3, pp. 1-2).

Petitioner asserts one ground for habeas relief.  Petitioner contends his counsel's failure to move to suppress the digital memory card and zip drive the police obtained from S.R. and her mother denied him of effective assistance of counsel.  Petitioner objects to the R&R's finding that the government's warrantless opening of the digital storage devices did not violate the Fourth Amendment as it

did not exceed the scope of the initial private searches. Petitioner also contends the government did not meet its initial burden of proving an exception to the warrant requirement existed (Doc. 29, pp. 1-4). Further, petitioner objects to the R&R's finding that failure to motion to suppress did not prejudice his sexual assault counts as considerable independent evidence of guilt exists (Doc. 29, pp. 4-5).

## Discussion

### A. § 2254 Review

The standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern the Court's review of petitioner's § 2254 petition. AEDPA permits a federal court to issue a writ of habeas corpus if the state court reached a decision on the merits of a claim that was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005) (citing 28 U.S.C. § 2254(d)). The clauses "contrary to" and "unreasonable application" stated within § 2254 have independent meaning. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000)); *see also Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (also citing *Williams*).

However, a federal court is not allowed to grant habeas relief to a state prisoner when a violation of state law is at issue. *Bloyer v. Peters*, 5 F.3d 1093,

1098 (7th Cir. 1993) (a federal court cannot reexamine state court determinations on state law questions in order to grant habeas relief) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993)). For a state court's decision to be "contrary to . . . clearly established federal law as established by the United States Supreme Court," it must be "substantially different from relevant [Supreme Court] precedent." *Washington*, 219 F.3d at 628 (citation omitted). Typically, this would involve the state court "appl[ying] a rule different from the governing law set forth in [cases of the Supreme Court], or if it decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 404-5).

A state court's decision "involve[s] an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," if it is "objectively unreasonable." *Id*. at 694-95. It is important to note that "an unreasonable application is different from an incorrect one" – meaning that a district court is not allowed to merely substitute its own judgment as to what it believes is the correct outcome, absent a finding that the state court's decision was unreasonable. *Id.*; *see also Washington*, 219 F.3d at 628. Notably, an "objectively unreasonable" state court decision need not cite or even demonstrate awareness of relevant Supreme Court cases, "so long as neither the reasoning nor the result of the state court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). As the Supreme Court has recently reiterated,

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

Petitioner contends he received ineffective assistance of counsel; a claim pursued under *Strickland v. Washington*, 466 U.S. 668 (1984). The Illinois Appellate Court determined petitioner's counsel was not ineffective as a motion to suppress would not have been successful (*See* Doc. 17-3). When reviewing a claim of ineffective assistance of counsel in habeas petitions, the federal court must honor any "reasonable" state court decision as "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997). Thus, although the standards governing review under § 2254 and *Strickland* are "highly deferential," *Strickland*, 466 U.S. at 689; *Lindh v. Murhphy*, 521 U.S. 320, 334 n. 7 (1997), when applying the standards "in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (citing *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)).

Moreover, as petitioner's ineffective assistance of counsel claim arises from his counsel's failure to move to suppress evidence, petitioner "must also prove 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375

(1986); *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)). This standard requires proof "over and above" the *Strickland* standard. *Johnson v. Thurmer*, 624 F.3d 786, 792-93 (7th Cir. 2010). As "*Strickland* requires that [the Court] presume counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" this is an admittedly difficult standard to meet. *Ebert*, 610 F.3d at 411 (citing *Strickland*, 466 U.S. at 690).

### B. Analysis

#### a. Child Pornography Count

##### 1. The Zip Drive and Camera Memory Card[2]

###### a. Police Search did not Exceed Scope of Private Searches

Petitioner objects to the finding in the R&R that the police viewing of the zip drive and camera memory card did not constitute a "significant expansion" of the private searches S.R. and her mother conducted. Thus, petitioner argues the police needed a warrant to open the digital storage devices. Basically, petitioner contends the record contains no evidence S.R. or her mother knew the zip drive and camera memory card held images of child pornography prior to the police viewing. Thus, petitioner argues the Illinois Appellate Court merely speculated as to its belief that S.R. and her mother knew the contents of the digital storage devices. Petitioner relies on the statement, "it seems highly likely that S.R.'s

---

[2] Petitioner makes two separate objections pertaining to the R&Rs findings regarding the zip drive and camera memory card. However, as petitioner makes essentially the same arguments within the two separate objections, the Court addresses the objections simultaneously.

mother compiled the images on the zip drive herself, downloading them from the family computer," as the basis of his contention (Doc. 28) (citing Doc. 17-3, p. 6). Accordingly, petitioner contends that as the Illinois Appellate Court based its reasoning on a lack of evidence regarding the knowledge of S.R. and her mother, the police viewing of the digital storage devices constituted unconstitutional warrantless searches as the police exceeded the scope of the private searches. As such, petitioner argues the Illinois Appellate Court unreasonably applied Supreme Court precedent as a motion to suppress would have proven successful.

The Court agrees with the reasoning of the R&R in its finding that the police viewing of the digital storage devices did not constitute a "significant expansion" of the admittedly private searches of S.R. and her mother. It is well-settled that the Fourth Amendment does not apply to private searches. *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921). Thus, if a private party presents law enforcement personnel with evidence obtained in the course of a private search it is "not incumbent on the police to stop her or avert their eyes." *Coolidge v. New Hampshire*, 403 U.S. 443, 489 (1971). The relevant inquiry becomes whether the police exceeded the scope of the private search. *See United States v. Jacobsen*, 466 U.S. 109 (1984). In *Jacobsen* and its predecessor, *Walter v. United States*, 447 U.S. 649 (1980), the Supreme Court clarified that an individual can retain a legitimate expectation of privacy after a private individual conducts a search. However, "additional invasions of [an individual's] privacy by the government

agent must be tested by the degree to which they exceeded the scope of the private search." *Jacobsen*, 466 U.S. at 115.

The Seventh Circuit has not addressed the application of *Jacobsen* to a subsequent police search of privately searched digital files. However, the Fifth Circuit has applied the *Jacobsen* standard to facts similar to the case at hand. *See United States v. Runyan*, 275 F.3d 449 (5th Cir. 2001). In *Runyan*, Runyan's ex-wife and several of her friends entered Runyan's residence and conducted a pre-warrant search, recovering compact disks, ZIP disks, and floppy disks containing child pornography. Although Runyan's ex-wife and friend only examined a "randomly selected assortment of the floppy disks and CDs . . . [and none] of the ZIP disks," the government examined all of the CDs and disks Runyan's ex-wife provided. *Id.* at 460.

Applying *Jacobsen*, the Fifth Circuit partially upheld the government search holding a search of any material on a computer disk valid if a private party had viewed at least one file on the disk. *Id.* at 465 ("[W]e find that the police do not exceed the scope of a prior private search when they examine particular items within a container that were not examined by the private searchers."). However, the court also held "[t]he mere fact that the disks that [the private searchers] did not examine were found in the same location in Runyan's residence as the disks they did examine is insufficient to establish with substantial certainty that all of the storage media in question contained child pornography." *Id.* at 464. Thus, the court concluded:

> [P]olice exceed the scope of a prior private search when they examine a closed container that was not opened by the private searchers unless the police are already substantially certain of what is inside that container based on the statements of the private searchers, their replication of the private search, and their expertise.

*Id.* at 463. Therefore, as the court held the private searchers had not previously breached Runyan's privacy interest in the unviewed disks, the subsequent search the police conducted of the unviewed disks violated the Fourth Amendment as it was warrantless. However, the subsequent, more thorough search of the previously viewed disks did not violate the Fourth Amendment as the police were substantially certain of the disks' contents based on communications with the private searchers. *Id.* at 465.

Application of the holdings of *Jacobsen* and *Runyan* to the case at hand clearly demonstrates the police did not exceed the scope of the searches S.R. and her mother conducted. The crux of petitioner's argument is that the Illinois Appellate Court did not sufficiently find S.R. or her mother had knowledge of the zip drive and camera memory cards' contents; thus, the subsequent search the police conducted exceeded the scope of the initial private searches. However, the Illinois Appellate Court succinctly stated:

> Although the defendant suggests that S.R. and her mother did not know what was on the memory card and zip drive, the defendant's argument defies common sense and is not at all supported by the record. This is not a case where multiple pieces of potential evidence were turned over to the police, who then had to sift through the potential evidence to discover if any factual evidence existed. To the contrary, in this case S.R. turned exactly one memory card over to the police, and her mother gave the police exactly one zip drive. We cannot imagine more conclusive evidence that S.R. and her mother knew exactly what the memory card and zip drive contained.

(Doc. 17-3, p. 6).

State court factual findings are presumed correct in a federal habeas corpus proceeding unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). As petitioner has not offered evidence in rebuttal of the Illinois Appellate Court's factual findings, the Court accepts as correct the finding that S.R. and her mother knew the contents of the digital storage devices. Thus, S.R. and her mother opened the devices prior to delivering them to the police. Accordingly, a subsequent police search of the digital storage devices did not require a warrant.

Petitioner further argues that if in searching the computer files, the police "learned specifics they did not know before . . . [they] expanded the scope of the previous search" (Doc. 29, p. 4). However, as *Runyan* illustrates, even in the unlikely event the police more thoroughly searched the files than S.R. and her mother, or viewed files S.R. and her mother had not previously viewed, the police search did not exceed the scope of the private searches. S.R. and her mother delivered digital storage devices containing previously viewed images of child pornography to the police. Thus, the police were "substantially certain" the entirety of the stored files contained child pornography. *Runyan*, 275 F.3d at 463.

In direct contrast to *Runyan*, S.R. and her mother did not deliver numerous digital storage devices to the police; some unviewed. In the case at hand, the police were certain S.R. and her mother knew the files contained child

pornography as each individually delivered exactly one digital storage device; a zip drive from S.R.'s mother and a camera memory card from S.R.  The police did not search previously unopened containers as in *Runyan*.  Accordingly, the police search did not violate the Fourth Amendment and a motion to suppress would not have been successful.  Therefore, the Illinois Appellate Court did not render an unreasonable decision in light of relevant Supreme Court precedent.  As such, the Court adopts the R&R's finding that the police search of the zip drive and camera memory card did not exceed the scope of the private searches.

### b. The Fourth Amendment Does not Apply to the Police Search at Issue

Petitioner also argues that as a warrantless search is at issue, the police have not met their burden of demonstrating an exception to the warrant requirement existed (Doc. 29, p. 2).  However, as stated previously, the Fourth Amendment does not apply to private searches.  *Burdeau*, 256 U.S. at 475.  Petitioner does not object to the R&R's finding that the searches at issue were private searches as S.R. and her mother did not act under direction of the police.  Thus, petitioner is presumably restating his argument that the police search exceeded the scope of the private search.  As previously held, the police search did not exceed the scope of the private search.  Accordingly, the warrantless search did not violate the Fourth Amendment as it does not apply to private searches.  Thus, the Court adopts the R&R's finding that the Illinois Appellate Court reasonably applied *Strickland* and *Jacobsen* in its determination that a warrant was not required.

### 2. Sexual Assault Counts

#### a. Failure to Motion to Suppress did not Prejudice Petitioner's Sexual Assault Counts

Finally, petitioner objects to the R&R's finding that counsel's failure to motion to suppress did not prejudice his sexual assault counts. Petitioner contends that "[g]iven the graphic nature of the pictures at issue, and their likely impact on a trier of fact, their use would inevitably have been prejudicial" (Doc. 29, p. 5). However, under the prejudice prong of *Strickland*, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* As stated previously, as petitioner's claim is based on a failure to motion to suppress evidence, he must also prove "over and above his *Strickland* showing, 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" *Johnson v. Thurman*, 624 F.3d 786, 792-93 (7th Cir. 2010) (citing *United States v. Aghedo*, 159 F.3d 308, 310 (7th Cir. 1998)). Moreover, when considerable evidence supports a conviction, an error is less likely to be deemed prejudicial. *See Harding v. Sternes*, 380 F.3d 1034, 1045 (7th Cir. 2004).

As the Court holds petitioner's Fourth Amendment claim is not meritorious, his claim of prejudice under *Strickland* is similarly without merit. Further, the Court finds that absent the excludable evidence at issue, considerable

evidence supports the convictions. As the Illinois Appellate Court noted, the evidence against petitioner included "graphic testimony" from both minors describing the sexual abuse petitioner inflicted (Doc. 17-3, p. 3). Thus, as considerable evidence independent of the pornographic images offered from the digital storage devices supports the convictions, counsel's failure to motion to suppress the images did not prejudice petitioner's sexual assault counts. Accordingly, the Court finds the Illinois Appellate Court did not render an unreasonable decision in light of the relevant Supreme Court precedent. Therefore, the Court adopts the R&R's finding that counsel's failure to motion to suppress did not prejudice petitioner's sexual assault counts.

## Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 28) over petitioner's objections (Doc. 29). Thus, petitioner's § 2254 Habeas Petition (Doc. 2) is **DENIED**. Accordingly, petitioner's claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 19th day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.19 09:40:11 -05'00'

**Chief Judge
United States District Court**