IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN R. RANN,

    Petitioner,

v.                                                        No. 08-cv-792-DRH

DONALD HULICK, Warden,
Menard Correctional Center,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    On October 19, 2011, the Court denied petitioner Steven R. Rann's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 31). Petitioner filed a notice of appeal with the Seventh Circuit on October 26, 2011 (Doc. 33). Thus, the Court must determine whether petitioner is entitled to a Certificate of Appealability (COA) (Doc. 38).

    "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." RULE 11(a), RULES GOVERNING SECTION 2254 CASES. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies petitioner's Section 2254 petition on the merits and not merely for procedural reasons, the Supreme Court has found "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) ("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citation omitted)). Thus, a petitioner "seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 338 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). However, a petitioner need not demonstrate, "before the issuance of a COA, that some jurists would grant the petition for habeas corpus," as "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

Petitioner asserted one ground for habeas relief. He argued his counsel's failure to motion to suppress two digital storage devices petitioner's family members provided law enforcement officers amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The Court held the Illinois Appellate Court did not unreasonably determine, in light of Supreme Court precedent, that a motion to suppress would not have proven successful as the law enforcement officers did not exceed the scope of the private searches and considerable independent evidence of petitioner's guilt exists (*See* Doc. 31).

Thus, petitioner requests issuance of a COA contending it is at least debatable among reasonable jurists,

1. Whether the District Court erred in ruling that the law enforcement viewing of images on digital storage devices did not constitute a "significant expansion" of an earlier private search and therefore did not constitute a "significant expansion" of an earlier private search and therefore did not require probable cause and a warrant?
2. Whether the Illinois Appellate Court rendered a decision that involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court in ruling that trial counsel was not ineffective in failing to move to suppress the images described above?

(Doc. 38, p. 4).

As the Court stated in its Order adopting the Report and Recommendation (R&R) holding the Illinois Appellate Court did not render an unreasonable decision in light of Supreme Court precedent, it is well-settled that the Fourth Amendment does not apply to private searches (Doc. 31, p. 8) (citing *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921)). Thus, if a private party presents law enforcement personnel with evidence obtained in the course of a private search, the relevant inquiry becomes whether the police exceeded the scope of the private search. *See United States v. Jacobsen*, 466 U.S. 109 (1984). In *Jacobsen* and its predecessor, *Walter v. United States*, 447 U.S. 649 (1980), the Supreme Court clarified that an individual can retain a legitimate expectation of privacy after a private individual conducts a search. However, "additional invasions of [an individual's] privacy by the government agent must be tested by the degree to which they exceeded the scope of the private search." *Jacobsen*, 466 U.S. at 115.

Thus, application of *Jacobsen* to the case at hand provides the relevant framework through which the Court determined the Illinois Appellate Court did not unreasonably conclude the law enforcement officers at issue did not exceed the scope of the private searches.

Petitioner, in reviving his habeas petition argument, states the Illinois Appellate Court erroneously based its determination on a lack of evidence as to the private searchers' knowledge of the digital storage devices' contents prior to the law enforcement search. Further, petitioner argues, as the Court noted in its Order adopting the R & R, that the Seventh Circuit has not applied *Jacobsen* to a police search of previously viewed digital files. (Doc. 38, pp. 8-9).

The Court held the Illinois Appellate Court did not unreasonably determine the private searchers knew the contents of the files contained on the digital storage devices as it stated, it could not "imagine more conclusive evidence that [the private searchers] knew exactly what the memory card and zip drive contained." (Doc. 31, p. 10). The Court maintains its contention that this was not an unreasonable determination. However, the Court based its ultimate decision on the Fifth Circuit's application of *Jacobsen* to facts similar to the case at hand in *United States v. Runyan*, 275 F.3d 449 (5th Cir. 2001). Thus, while the Court believes the Illinois Appellate Court did not render an unreasonable decision, based on *Jacobsen* and *Runyan*, it acknowledges that reasonable jurists could debate the Fifth Circuit's application of *Jacobsen* to facts similar to the case at

hand.  Therefore, based on the lack of controlling precedent, the Court **GRANTS** petitioner's motion for COA (Doc. 38).

    **IT IS SO ORDERED.**

Signed this 4th day of November, 2011.

                                                     Digitally signed by David R. Herndon
                                                    Date: 2011.11.04 11:12:50 -05'00'

                                                    **Chief Judge**
                                                    **United States District Court**